UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DECISIVE INNOVATIONS, LLC,
A Florida limited liability company,

      Plaintiff,

v.                                             Case No. 8:18-cv-00565-SPF

EEL RIVER ORGANICS, LLC,
A California limited liability company,

      Defendant.
_____/

## ORDER

This cause is before the Court upon Decisive Innovations, LLC's ("Plaintiff") Motion for Summary Judgment ("Motion") (Doc. 21) and Eel River Organics, LLC's ("Defendant") response in opposition (Doc. 28). A hearing was held on this matter on November 8, 2018. Thereafter, the parties filed supplemental declarations at the Court's direction (Docs. 33 and 35). Upon due consideration, Plaintiff's Motion is granted.

### Undisputed Facts

On December 20, 2016, Jeffrey Guillot, on behalf of Defendant, returned an executed promissory note (the "Note") via email to Plaintiff as a PDF file entitled "Paul Roth Convertible Note.pdf." (Doc. 35 at 3). The copy of the Note attached to the Complaint (Doc. 1-1) is identical to the note emailed to the Plaintiff on December 20, 2016. (Doc. 35 at 4). An original paper Note was never created. (*Id.*).

On December 22, 2016, Plaintiff disbursed $400,000 to Defendant. (Doc. 21-1 at 1). The Note memorializes Defendant's promise to pay Plaintiff the principal sum

1

$400,000, plus any applicable interest. (Doc. 1-1). According to the terms of the Note, unless the parties executed a limited liability company operating agreement by April 15, 2017 (the "Maturity Date"), the entire principal amount was due and payable on April 30, 2017. (*Id.*). In addition, interest was chargeable under the Note on any unpaid principal as of the Maturity Date. (*Id.*). Thereafter, Plaintiff agreed to extend the Maturity Date to November 30, 2017.

On December 1, 2017, Plaintiff delivered to Defendant a Notice of Default. (Doc. 21-1 at 2). Defendant failed to cure the default. (*Id.*). Pursuant to the terms of the Note, as modified with respect to the Maturity Date,[1] Defendant owes Plaintiff the outstanding principal amount of $400,000, plus interest from November 30, 2017. (*Id.*).

## Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642,

---

[1] While the parties discussed other modifications to the Note to include a proposed payment plan and an effective date for interest, the parties stipulated at the hearing that no agreement was reached.

646 (11th Cir.1997). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could decide an issue of material fact for the non-moving party. *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, the court must read the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The non-moving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence" which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587.

The elements of a breach of contract action in Florida are: "(1) a valid contract; (2) a material breach; and (3) damages." *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So.2d 737, 740 (Fla. Dist. Ct. App. 2000). Defendant does not dispute that Plaintiff has established each of these elements. Instead, Defendant argues that Plaintiff has failed to establish its standing to bring the breach of promissory note claim because it has not produced the original note as required by Florida law.[2] Under Florida law, a party suing on a

---

[2] A federal court exercising diversity jurisdiction applies the forum state's choice-of-law rules. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). Generally, Florida courts enforce contractual choice-of-law provisions unless the chosen forum's law contravenes strong public policy. *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000). Here, the Note clearly states that it

3

promissory note must be in possession of the original note or reestablish the note pursuant to Fla. Stat. § 673.3091. *See Perry v. Fairbanks Capital Corp.,* 888 So.2d 725, 727 (Fla. 5th DCA 2004); *Mason v. Rubin,* 727 So.2d 283 (Fla. 4th DCA 1999). "If it is not in possession of the original note, and cannot reestablish it, the party simply may not prevail in an action on the note." *Dasma Investments, LLC v. Realty Associates Fund III, L.P.*, 459 F. Supp. 2d 1294, 1302 (S.D. Fla. 2006).

The record indicates that the original Note only existed in an electronic format. (Doc. 35 at 4). While the parties do not address the electronic nature of the Note, under the Florida Uniform Electronic Transaction Act ("UETA"), a "contract may not be denied legal effect or enforceability solely because an electronic record was used in the formation of the contract." Fla. Stat. § 668.50(7)(b). Additionally, "an electronic signature may be used to sign a writing and has the same force and effect as a written signature." *Gregorius v. Npc Intl., Inc.*, 216CV593FTM99MRM, 2016 WL 6996116, at *3 (M.D. Fla. Nov. 30, 2016); *see* Fla. Stat. § 668.50(7)(d). An electronic note, such as the one in this case, is considered a "transferable record" under the UETA. Fla. Stat. § 668.50(16)(a).

A person having control of a transferable record is the holder of the transferable record and has the same rights and defenses as a holder of an equivalent record or writing under the Uniform Commercial Code. Fla. Stat. § 668.50(16)(a). "A person has control of a transferable record if a system employed for evidencing the transfer of interests in the

---

"should be construed in accordance with and governed by the laws of the State of Florida" and nothing in the record supports a finding that applying such choice of law is against public policy. (Doc. 1 at 6, ¶6(iv)). Therefore, the Court will apply Florida law.

transferable record reliably establishes that person as the person to which the transferable record was issued or transferred." Fla. Stat. § 668.50(16)(b). A system satisfies this requirement if the Note was created and stored in a manner that a single authoritative copy exists, and it identifies the person asserting control as the person to which the transferable record was issued. Fla. Stat. § 668.50(16)(c).

Defendant asserts that it is "not aware that any single authoritative copy of the promissory note exists that is unique, identifiable, and unalterable." (Doc. 35 at 4). Defendant, however, confirms that "the only version of the promissory note in its possession is an electronic PDF file entitled 'Paul Roth Convertible Note.pdf,' which document appears to be identical to the PDF file emailed to [Plaintiff] on December 20, 2016. (*Id.*). Plaintiff produced evidence that its email system contains the authoritative copy of the Note as an attachment to the December 20, 2016 email from Defendant. (Doc. 33 at 4-10).

Nevertheless, even if an authoritative copy of the note no longer exists, Plaintiff has reestablished the Note pursuant to Fla. Stat. §673.3091. Plaintiff has produced a copy of the Note, which Defendant concedes is identical to the Note Defendant's representative executed and emailed to Plaintiff on December 20, 2016 (Doc 35 at 4). A review of the Note shows that Plaintiff is the original lender and payee under the terms of the Note. (Doc. 1-1). Plaintiff's representative states in his sworn a declaration that Plaintiff has been the sole owner of the [Note] continuously since December 20, 2016. (Doc. 33 at 3.). Moreover, the Court finds that Defendant is adequately protected against any loss that might occur by reason of a claim by another person to enforce the instrument because, as

stated by Plaintiff, the Note has never been assigned or transferred, and the Note expressly states that it may not be assigned. (Doc. 1-1); s*ee* Fla. Stat. § 673.3091(2) ("The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument").

## Conclusion

As a result, the Court finds that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law. Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Summary Judgment (Doc. 21) is GRANTED.
2. Plaintiff is directed to file a proposed Final Judgment reflecting the amount due under the Note, including interest, no later than January 30, 2019.
3. Within 14 days of the filing of the proposed Final Judgment, Defendant may file an objection as to the proposed amount of the judgment.
4. The Clerk is directed to terminate all other case deadlines.

DONE AND ORDERED in Tampa, Florida, on January 16, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE